# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1817 | **DATE** | 5/26/2011 |
| **CASE TITLE** | Shelene Therese Szilagyi vs. David Reginald Johnson, et al | | |

---

**DOCKET ENTRY TEXT**

As noted in the 5/23/2011 order [23], Petitioner Shelene Therese Szilagyi's petition for return of children to the United Kingdom [1] is granted for the reasons stated in open court. Subject to the undertakings set forth below, Children K.D.J., K.E.J., and K.A.J. shall promptly be returned to their habitual residence in Derry, Northern Ireland, United Kingdom. Final custody issues, if pressed by Respondent David Johnson either before or after his release from custody, shall be resolved by the courts of Northern Ireland. Petitioner is given temporary possession of Childrens' birth certificates to enable the procurement of passports; the birth certificates shall be returned to the court, and then to Respondents. Petitioner's counsel shall endeavor to obtain reimbursement from the government of Northern Ireland for the expenses incurred by Respondents regarding Childrens' health care and birth certificates. The return order is conditioned upon the undertakings set forth below. The actual mechanics of the handing over of Children from Respondents to Petitioner shall be articulated in a final order to be entered after the second undertaking is completed.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

The order that Children K.D.J., K.E.J., and K.A.J. be promptly returned to their habitual residence in Derry, Northern Ireland, United Kingdom, is conditioned on the following undertakings.

First, upon returning to Northern Ireland, Petitioner Szilagyi shall reside with Children at the home of Petitioner's mother, where Petitioner's eldest child currently resides. Petitioner may move with Children to alternative, more spacious housing if it becomes available.

Second, when the return tickets are obtained, Petitioner's counsel shall inform the court of the airline, date, and time of the return flight.

Third, if possible, Petitioner's counsel shall arrange for personnel from the Western Health and Social Care Trust (or from the Central Authority of Northern Ireland) to greet Petitioner and Children immediately upon their return, either at the airport in Belfast or, if the return flight is to Dublin, upon Petitioner's and Childrens' arrival in Derry.

Fourth, Petitioner's counsel shall arrange for the Western Health and Social Care Trust to immediately and intensively engage in supervision of and assistance to Petitioner and Children upon their return to Northern Ireland.

Fifth, Petitioner's counsel shall file this order with the Northern Ireland court and Central Authority of Northern Ireland to make these undertakings enforceable in Northern Ireland.